**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JUAN FRANCISCO RAMOS ARIAS,**

Petitioner,

v. Civil No. **3:26CV116 (RCY)**

**WARDEN JEFFREY CRAWFORD, *et al.*,**

Respondents.

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Juan Francisco Ramos Arias's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition," ECF No. 9[1]), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). In his Petition, Petitioner alleges, *inter alia*, that 8 U.S.C. § 1226(a) governs his detention, and his detention by Respondents without a bond hearing necessarily violates the statute and deprives him of the process attached to the statutory scheme. Pet. ¶¶ 13, 21, 34. For the reasons set forth below, the Court will grant the Petition (ECF No. 9).

## I. BACKGROUND

Petitioner's application provides only limited details on his background and his circumstances; where necessary, the Court draws from Respondents' Exhibit 1 to their Opposition to the Petition, ECF No. 12-1, to provide the necessary background.

Petitioner is a citizen of El Salvador. Mem. Supp. Pet. ¶ 57, ECF No. 10. He entered the United States without inspection in 2009, and has remained in this country since. *Id.* On or about

[1] Petitioner's first-filed Petition, ECF No. 1, was deficient for lack of Petitioner's signature or that of a "next friend" authorized to sign on his behalf. Order, ECF No. 8. Petitioner cured this defect with the filing of a signed Amended Petition, ECF No. 9, which the Court utilizes and cites as the operative Petition in this matter.

December 16, 2025, ICE's Enforcement and Removal Operations (ERO) encountered Petitioner at or near Hyattsville, Maryland, after a local sheriff reported Petitioner to ICE. *Id.* ¶ 58; Opp'n Ex. 1 ¶ 8. Petitioner was detained by ICE, and has remained in ICE custody. Mem. Supp. Pet. ¶ 58. He has been held without a bond hearing. *See generally* Pet. The Petition has been fully briefed, *see* ECF Nos. 10, 12, 13, and thus is ripe for review.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. Pet. ¶ 14, ECF No. 9. In opposition, Respondents argue that Petitioner is "defined by law as an applicant for admission," and therefore is subject to the mandatory detention provisions of 8 U.S.C. § 1225(a). Opp'n 1, ECF No. 12. Respondents acknowledge, however, that this Court and others have already considered and rejected all of Respondents' legal arguments asserted in support of their

position, and that Respondents merely restate the arguments for preservation on appeal. *Id.* at 2 (collecting cases).

Petitioner has been present in the United States for many years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). As the United States Court of Appeals for the Fourth Circuit recently held: "Section 1226(a) properly governs the detention of noncitizens like [Petitioner] who are present in the United States, regardless of how they came to be in our country." *Lopez Garcia v. Guadian*, No. 25-7044, ___ F.4th ___, 2026 WL 2661092, *20 (4th Cir. Sep. 10, 2026). Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

## IV. CONCLUSION

For the above reasons, the § 2241 Petition (ECF No. 9) will be GRANTED. An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 17, 2026
Richmond, Virginia