**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JUAN FRANCISCO RAMOS ARIAS,**

Petitioner,

v. Civil No. **3:26CV116 (RCY)**

**WARDEN JEFFREY CRAWFORD, *et al.***,

Respondents.

**MEMORANDUM OPINION**

This matter comes before the Court on Respondents' Notice (ECF No. 16), filed subsequent to this Court's granting of Petitioner's § 2241 Petition for Habeas relief, at which time the Court ordered that Respondents provide Petitioner with a bond hearing. ECF Nos. 14, 15. Respondents represent that while the Petition was pending adjudication, "the Board of Immigration Appeals issued a decision affirming the Immigration Judge's Order of Removal. Accordingly, Petitioner was subject to a final order of removal." Not. 1, ECF No. 16. Petitioner was thereafter removed to El Salvador, as the Court had not enjoined further transfers or the removal of Petitioner. *Id*. at 1, n.1. No party—neither counsel for Petitioner, nor Respondents—informed the Court of these developments, and the Court subsequently granted Petitioner's § 2241 Petition on the papers.

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Petitioner was removed from the country during the pendency of his § 2241 Petition. Therefore, there was no live case or controversy remaining at the time the Court (unknowingly) issued its Memorandum Opinion and Order granting the habeas relief requested. *See Simpson v. Hoover*, No. 3:17-cv-00768-JAG-RCY, 2018 WL 3040017, at *2 (E.D. Va. June 19, 2018) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983))).

Petitioner's removal rendered his § 2241 Petition moot. Accordingly, the Court will VACATE its prior Memorandum Opinion and Order and DISMISS Petitioner's § 2241 Petition and this action AS MOOT.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 21, 2026
Richmond, Virginia